IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSE CRUZ, Individually and as
Personal Representative of the Estate
of Irene S. Salas, Deceased;
IRENE S. GUERRERO, Individually;
JORGE AMEZQUITA, Individually;
and MIRIAM AMEZQUITA, Individually                                              PLAINTIFFS


VS.                               Case No. 09-CV-4033


COOPER TIRE & RUBBER COMPANY                                                    DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss on *forum non conveniens* grounds filed by Defendant Cooper Tire & Rubber Co. ("Cooper"). (Doc. 10). Plaintiffs, Jose Cruz, individually, and as personal representative of the estate of Irene S. Salas, Irene S. Guerrero, Jorge Amezquita, and Miriam Amezquita have responded (referred to collectively as "Plaintiffs"). (Doc. 19). The Court finds the matter ripe for consideration.

**BACKGROUND**

This lawsuit arises from a one car crash that took place on Sunday, December 16, 2007, at approximately 1:00 p.m. near the town of Lagos De Moreno, Jalisco, Mexico. The complaint states that the accident was the result of the vehicle's left rear tire suddenly separating from the tire body and causing a roll-over crash of the vehicle. As a result of the crash, passenger Irene S. Salas suffered serious physical injuries and died as a result of those injuries. Jorge Enrique Montes Amezquita and Miriam Gabriela Montes Amezquita were also passengers in the vehicle and sustained serious physical injuries as a result of the accident. The tire in question was

produced by Defendant Cooper Tire & Rubber Co., a Delaware Corporation having its principle place of business in Findlay, Ohio. The specific tire was a Cooper Discoverer H/T, DOT UTIT C5X0104, and was manufactured in Texarkana, Arkansas, in the first week of 2004.

Plaintiffs have brought a cause of action against Defendant for strict liability for design and manufacture of a defective product, common law negligence, breach of express and implied warranties, post-sale failure to warn, recall, or retrofit. Plaintiffs seek compensatory and punitive damages. Defendant filed this motion for dismissal for *forum non conveniens*, and asks this Court to dismiss this case in favor of Mexico, a more convenient forum.

## **DISCUSSION**

    A.    *Standard for motion to dismiss for forum non conveniens*

"The principal of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." *Dahl v. United Technologies Corp.*, 632 F.2d 1027, 1029 (3d Cir. 1980); *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S. Ct. 839, 842, 91 L.Ed. 1055 (1947). The Supreme Court has given a list of several criteria, that is not exhaustive, in order for a court to properly assess when a motion for *forum non conveniens* should be given. There are several factors that a court must look at to protect the private interest of the litigant: 1) the relative ease of access to the sources of proof; 2) the availability of compulsory process for attendance of unwilling witnesses; 3) the cost of obtaining the attendance of willing witnesses; 4) the possibility of viewing of premises, if view would be appropriate to the action; and 5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See Gilbert*, 330 U.S. at 508. There is also a list of public

interest factors that the court should weigh in making its decision: 1) administrative difficulties for courts when litigation is piled up in congested centers instead of being handled at the origin of the dispute; 2) jury duty should not be imposed or burdened upon the people of a community which has no relation to the litigation; 3) if the litigation affects many people, then it should be held in a venue where they can view the trial instead of learning of the result through report only; 4) there is a local interest in having localized controversies decided at home; and 5) in diversity cases, having the forum whose law is controlling decide the dispute, instead of having a court in a foreign jurisdiction untangle the conflict in laws. *See id*. at 508-09. In weighing these factors, a court should generally balance the plaintiff's choice of forum with the burdens of litigating in an inconvenient forum. *See Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp.*, 660 F.2d 712, 718 (8th Cir. 1981).

      B.    *Mexico is an available and adequate forum.*

To satisfy a dismissal on *forum non conveniens* grounds, the alternative forum proposed must be both available to the parties and adequate to render a complete and final judgment. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Generally, a forum is considered to be adequate as long as the defendant is "amenable to process" in that jurisdiction.[1] *See Gilbert*, 330 U.S. at 506-07. An alternative forum, in order to be adequate, must not deprive the parties of all remedies and must not treat the parties unfairly. *See Reid-Walen v. Hansen*, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991). However, a forum is still adequate even if the forum's substantive law is decidedly less favorable to the plaintiff than the

---

[1] It is undisputed that Defendant is amenable to process, because the Defendant has agreed to submit to the jurisdiction of a Mexican court and has also agreed to toll any applicable statute of limitations that have accrued since this action has been filed.

3

present forum. *See Piper Aircraft*, 454 U.S. at 247.  If the alternative forum's remedy is "so clearly inadequate or unsatisfactory that it is no remedy at all" then a dismissal on *forum non conveniens* grounds would not be justified.  *De Melo v. Lederle Labs*, 801 F.2d 1058, 1061 (8th Cir. 1986).  Also, a plaintiff's choice of forum is to be given substantially less deference when the plaintiff is foreign.  *See id.* (citing *Piper Aircraft*, 454 U.S. at 255-56).

Many courts have stated that Mexico is an adequate forum for tort litigation that involves American companies and American-made products.  *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 380-83 (5th Cir. 2002) (holding that Mexico was a viable alternative form); *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671-72 (5th Cir. 2003) (holding that Mexico was an adequate forum, and rejecting "the plaintiffs' contention that a foreign jurisdiction's decision to limit damages and limit the availability of strict liability–even to the point at which the lawsuit ceases to become economically viable–somehow renders that jurisdiction inadequate."); *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 659 (S.D. Tex. 2003) (holding that Mexico was an adequate forum as long as the defendants submitted to the jurisdiction of the Mexican courts and also waived their limitation defenses that had accrued during the pending U.S. litigation).  The Eighth Circuit has also held that Mexico is a proper forum.  *See Mizokami*, 660 F.2d at 719 (holding that jurisdiction in Mexico was proper as long as the Defendant met certain criteria like submitting itself to jurisdiction of the foreign court, waiving limitation defenses, making available all witnesses and documents within its control, and agreeing to satisfy any judgment awarded by a Mexican court).

This Court holds that Mexico provides an adequate alternative forum for this dispute.  In its motion, Defendant has agreed to the Eighth Circuit's requirements; namely, it has submitted

itself to the jurisdiction of a Mexican court, it has agreed to waive any limitation defenses that may have occurred during the pendency of this litigation, and it has agreed to provide all necessary witnesses and documents. Even though there exists a dispute as to whether a Mexican court can properly give the Plaintiffs an adequate monetary remedy, this Court finds the holding taken by the Fifth Circuit to be persuasive, stating that " we rejected plaintiffs' contention that a foreign jurisdiction's decision to limit damages and limit the availability of strict liability–even to the point at which the lawsuit ceases to become economically viable–somehow renders that jurisdiction inadequate." *Vasquez*, 325 F.3d at 671-72. Therefore, this Court holds that Mexico is an available and adequate forum to resolve this dispute as long as the balancing of the public and private interest factors favor Mexico.

      C.    *Public and private interest factors*

The Supreme Court has listed both private and public factors for a court to consider when weighing a motion for dismissal on the grounds of *forum non conveniens*. *See Gilbert*, 330 U.S. at 508. In weighing these factors, a court should generally balance the plaintiff's choice of forum with the burdens of litigating in an inconvenient forum. *See Mizokami*, 660 F.2d at 718. However, a plaintiff's choice of forum is given substantially less deference when that plaintiff is foreign. *See Piper Aircraft*, 454 U.S. at 255-56. The Supreme Court in *Piper Aircraft* held that the central purpose of any *forum non conveniens* motion is to ensure that the trial is in a convenient forum; thus, a foreign plaintiff's choice deserves less deference. *Id.* at 256. However, even though a foreign plaintiff's choice of forum is to receive less deference, dismissal on *forum non conveniens* grounds is still the exception rather than the rule. *See Varo v. Owens-Illinois, Inc.*, 948 A.2d 673 (N.J. Super. Ct. App. Div. 2008).

      i.  Private interest factors

  The Supreme Court has listed several private factors that a court should weigh in deciding whether or not to grant a motion to dismiss on the grounds of *forum non conveniens*. *See Gilbert*, 330 U.S. at 508. These factors include: 1) the relative ease of access to the sources of proof; 2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; 3) the possibility of viewing the scene, if the viewing would be appropriate to the action; and, 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. In weighing the factors, a district court may properly dismiss an action if either the private or public interests factors favor dismissal of the action; however, it is not necessary for both sets of the interests factors to be met. *See Piper Aircraft*, 454 U.S. at 241.

  In this case, in regards to the first two factors, most of the evidence relating to the accident and condition of the tire are located in Mexico. The accident took place in Mexico. The accident reports and officers who made those accident reports are in Mexico. The medical personnel who treated the Plaintiffs are in Mexico. There is a dispute as to whether there were any witnesses, other than the parties to the action, who may have witnessed the accident take place. If witnesses are found, their depositions will need to be taken and this will take place in Mexico. Defendant also points out that the driver of the vehicle was taken into custody after the accident and that he tested positive for having alcohol in his system. All of the information in these reports are located in Mexico. If these witnesses are needed at trial, it will place a

significant burden on the parties and the court to make them available.² However, all the plans relating to the design and manufacturing of the tire reside in the United States. The tire was manufactured in the current forum, so all available evidence regarding the manufacturing of the tire are currently within the jurisdiction of the Court. Even so, the Defendant has agreed to produce all such evidence to a Mexican court. This Court acknowledges a foreign court's right to regulate their internal economies, as well as protect the rights of its citizenry in regards to faulty products. *See Gilerber*, 330 U.S. at 508. The Court finds that the first two private interest factors weigh in favor of dismissal.

      The third and fourth factors also lead this Court in favor of dismissing this action in favor of Mexico. The police report, translated into English, stated that the cause of the accident was the left rear tire blowing out, causing the driver to lose control of the vehicle. The Defendant proposes that a Mexican fact finder will have superior knowledge of the climate, topography, and roadways of Mexico and would be in a better position to determine if those had an impact in the accident. Even though photographs of the road and its conditions may be provided, a Mexican court would still be in a better position to determine if the road was a factor in the accident than a foreign jurisdiction would. This Court finds that a Mexican fact finder will be in a much better position to determine if the road conditions were a factor in the accident.

      The fourth factor deals with the relative ease of having the trial in the current forum as opposed to the alternate forum. The Defendant proposes that the mere cost of translation would

---

² The Court notes that witnesses can be made available from Mexico through the Hague Convention, most notably the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, where through a Letter of Request one party may obtain evidence from the other country.

justify dismissal, but the Court does not find this fact to be persuasive. The Defendant will have to bear the same type of cost to have the case translated. Defendant will not have to incur the cost of hiring representation in Mexico. The Defendant will also not have to bear the great cost of having to pay for travel to Mexico in order to defend the case. Also, Plaintiff correctly points out that all Plaintiffs will be made available in the United States, so travel to Mexico will be limited so that any threat of violence will be greatly diminished by keeping the case in its present forum. However, it seems that Mexico will likely have a greater interest in the suit because it involves Mexican citizens and the accident happened on a Mexican highway. Also, the cost of litigation for the Plaintiffs will be greatly reduced if they are able to try this case close to their home, where the accident took place. The Court finds that after weighing the private factors, the private interest factors weigh in favor of dismissal.

        ii.     Public interest factors

The Supreme Court has given courts certain criteria to weigh when balancing the public interests factors in deciding whether or not to grant a motion to dismiss for *forum non conveniens*. *See Gilbert*, 330 U.S. at 508-09. The factors, which are non-exhaustive, include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies decided at home; 3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; 4) the avoidance of unnecessary problems with conflict of laws, or in the application of foreign laws; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Gilbert*, 330 U.S. at 508.

The first factor, dealing with administrative difficulties, is not strongly favored in dismissal of the case. This case will involve some complex issues in regards to the negligent

design and manufacturing of tires made by the Defendant. However, these complex factors are not likely to absorb so much of this Court's time as to congest its docket. This Court commonly decides cases that involve complex issues and is not likely to allow a dismissal for fear that a case will congest its docket. Therefore, the first factor does not weight strongly in favor of dismissing the case.

      The second factor, having local controversies resolved in a local court, favors dismissal of the case. This case involves an accident that took place in Mexico and involved only Mexican residents. All of the accident and medical reports are in Mexico, as well as any witnesses that may have witnessed the accident take place. The only other witnesses that may be necessary who are not in Mexico, are the employees of the Defendant; however, Defendant has stated that such witnesses will be made available to a Mexican court. Since the accident took place in Mexico and involved only Mexican citizens, Mexico has a large interest in the dispute, so as to protect its citizens against defective products. There are remedies available in Mexico to redress any wrong that has been committed against the Plaintiffs. Therefore, because Mexico has an interest in resolving the disputes involving its citizens and because the accident took place within its boundaries, this factor weighs in favor of dismissal.

      The third and fourth public interests factors, having cases involving diversity decided by a forum that is familiar with the law governing the action and avoiding unnecessary conflict of law problems, strongly favor dismissal. Arkansas' choice of law approach has moved beyond the doctrine of *lex loci delicti* and now uses a number of factors in deciding which jurisdiction's law should apply. *See Ganey v. Kawasaki Motors Corp., U.S.A.*, 234 S.W.3d 838, 846 (Ark. 2006). The five factors that Arkansas courts use are: 1) predictability of results; 2) maintenance of

interstate and international order; 3) simplification of the judicial task; 4) advancement of the forum's governmental interest; and 5) application of the better rule of law. *Id*. Arkansas courts will still consider the doctrine of *lex loci delicti* in their determination along with the five choice influencing factors. *See id*. at 847. According to the doctrine of *lex loci delicti*, the law of the place where the accident took place is the proper choice of law. *Id*. at 846. Therefore, this Court will look to both the doctrine of *lex loci deliciti* and the choice influencing factors to determine the appropriate law to apply.

      Applying the five choice influencing factors and the doctrine of *lex loci delicti*, Mexico law should govern the dispute. Mexico has an interest in applying its laws to protect its citizens, especially from an accident that took place within its borders. Even though the tire is manufactured in Arkansas, the design and principal place of business of the Defendant is located out of this state, so applying Arkansas law would not advance its governmental interest in a significant way, and therefore its laws should not control. In trying to maintain international order it seems proper for Mexico to use its courts and laws to decide a dispute that involves its citizens from an accident that took place within its borders. It is likely that Mexican law will govern the dispute, but the fourth public interest factor leads this Court against having to make any difficult choice of law decisions, especially those involving foreign law. Therefore, the third and fourth public interests factors favor dismissal because a Mexican court should resolve disputes that involve Mexican law.

      The fifth public interests factor strongly favors dismissal because Arkansas citizens should not be burdened in deciding a case that took place in Mexico and involves Mexican plaintiffs. Plaintiff is correct in stating that Defendant manufactures some of its tires in

Arkansas, and there has been no dispute that the tire in question was manufactured in Arkansas. However, the case involves Mexican plaintiffs who have no connection to Arkansas, and the accident took place in Mexico, far from the borders of the state. Also, the jurors will have the daunting task of having to decide complex legal issues using Mexican law. Arkansas jurors have a right to make sure that products manufactured in the state are safe. However, this case will overly burden the jurors, because there is only a small connection to the state and the burden on the jury will be great because they will have to decide complex issues using foreign law. Therefore, the fifth public interest factor favors dismissal.

## CONCLUSION

Because this court finds that Mexico is an available and adequate forum, and that both the public and private interest factors weigh in favor of dismissal for Mexico, this Court **GRANTS** Defendant's motion for dismissal on the grounds of *forum non conveniens*.

IT IS SO ORDERED, this 19th day of November, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge